# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL E. McDONALD,** ) | |
| ) | |
| **Petitioner/Defendant,** ) | |
| ) | **CIVIL NO. 06-cv-4051-JPG** |
| **vs.** ) | |
| ) | **CRIMINAL NO. 03-cr-40021** |
| **UNITED STATES of AMERICA ,** ) | |
| ) | |
| **Respondent/Plaintiff.** ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence.  This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion.  For the reasons set forth below, the motion is denied.

On July 28, 2003, pursuant to a Plea Agreement and Stipulation of Fact, Petitioner entered a plea of guilty to four counts involving the distribution of crack cocaine. *See* 21 U.S.C. § 841(a)(1), 841(b)(1)(C), 846.  On October 31, 2003, this Court imposed a sentence of 120 months incarceration, five years supervised release, a special assessment of $400 and a fine of $400.  Petitioner did not appeal his conviction or sentence, but he now brings this § 2255 motion solely to challenge the imposition of a term of supervised release.

Petitioner entered into a plea agreement with the Government in an attempt to benefit himself.  In exchange for the benefits he received, Petitioner waived his right to a direct appeal and to a collateral attack under Section 2255.  Specifically, the plea agreement provides in relevant part:

> The Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed.

> Acknowledging all this, the Defendant knowingly and voluntarily waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which the sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatever, including any ordered restitution, in exchange for the concessions made by the United States in this plea agreement.   The Defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

Plea agreement at ¶ II.11 (Doc. 65, criminal case).

The Seventh Circuit has held that "a waiver of a right to appeal contained within a guilty plea is enforceable," provided the waiver is knowing and voluntary.  *United States v. Feichtinger*, 105 F.3d 1188, 1190 (7th Cir.), *cert. denied*, 117 S.Ct. 2467 (1997); *United States v. Schmidt*, 47 F.3d 188, 190 (7th Cir. 1995).  *See also United States v. Wenger*, 58 F.3d 280, 281 (7th Cir.), *cert. denied*, 116 S.Ct. 349 (1995).  A waiver will not be enforced, however, if the district judge relied on impermissible facts in sentencing (for example, the defendant's race or gender) or if the judge sentenced the defendant in excess of the statutory maximum sentence for the offense committed. *Feichtinger*, 105 F.3d at 1190.

Similarly, the Seventh Circuit has found that a waiver of Section 2255 relief in a plea agreement is enforceable, and should be treated no differently then the waiver of a direct appeal. *Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999).  Indeed, the Seventh Circuit has specifically stated that both statutory and constitutional rights can be waived in a plea agreement. *Id.* at 1144; *United States v. Woolley*, 123 F.3d 627, 631-32 (7th Cir. 1997);  *Feichtinger*, 105 F.3d at 1190.

For the waiver to apply, however, Petitioner's sentence had to be within the maximum provided for in the statute of conviction and the applicable guideline range based upon Petitioner's

relevant conduct.  The maximum penalty for trafficking in crack cocaine is life imprisonment.  21 U.S.C. § 841(b)(1)(A).  Based upon the conduct to which Petitioner admitted and others attributed to him, his applicable range of imprisonment was 120 to 135 months; Petitioner was sentenced to 120 months.  There is no basis in the record for avoiding this waiver, as the Court neither relied upon constitutionally impermissible factors in sentencing Petitioner nor sentenced him above the statutory maximum.

Even if this waiver were not enforceable, this motion is barred by the statute of limitations set forth in Section 2255:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Petitioner was sentenced on October 31, 2003.  He did not file a direct appeal; therefore, for purposes of § 2255, Petitioner's conviction became final in November 2003. *See generally Clay v. United States*, 537 U.S. 522, 525 (2003).  Petitioner filed the instant motion on March 6, 2006.  Thus, Petitioner's judgment of conviction was final for over two years prior to the filing of his motion under § 2255, and he filed this motion over one year too late.

In summary, because the waiver provisions of the plea agreement are enforceable, Petitioner has waived any right to bring this Section 2255.  Furthermore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion.  Accordingly, Petitioner's motion pursuant to 28 U.S.C. § 2255 is **DENIED**, and this action is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

**Dated: April 7, 2006.**

         **s/ J. Phil Gilbert**
         **U. S. District Judge**